## CIRCUIT COURT OF THE CITY OF RICHMOND

Shelby Salyer

v.

Fabulous Floors, Inc.,
A. A. Conscientious Carpet Care, Inc.,
and P. Scott Zimmerman

August 23, 1996

Case No. ML-3495

BY JUDGE JAMES B. WILKINSON

On May 26, 1993, Shelby Salyer was employed by The Grocery Store at 10921 Hull Street Road in Chesterfield County. The Grocery Store is a wholly-owned subsidiary of Farm Fresh, Inc. On this date, P. Scott Zimmerman, as a subcontractor for A. A. Conscientious Carpet Care, Inc., was cleaning and waxing the floors in the store. Salyer, who alleges that there were no warning signs or cones on the wet floor, slipped and fell. Cartilage in her knee was torn, and she suffered permanent injury. The Grocery Store does not have any employees who clean or wax floors nor the equipment to wax floors. The cleaning and waxing is performed by outside companies.

Defendants filed a special plea for Workers' Compensation alleging that they are statutory employees of Farm Fresh, Inc., because cleaning and maintaining the store is a necessary part of Farm Fresh's business.

### Issue

Whether the defendants are statutory employees of Farm Fresh, Inc., thereby providing the plaintiff with the sole and exclusive remedy of the Workers' Compensation Act of Virginia. Va. Code Ann. § 65.2-307.

### Discussion

To determine if the defendants are statutory employees of Farm Fresh, the "Normal Work Test" outlined in *Shell Oil v. Leftwich*, 212 Va. 715,

187 S.E.2d 162 (1972), is applied. The *Shell* test asks whether the business activity is performed by employees as opposed to independent contractors. In the instant case, Farm Fresh employed no workers to clean or wax the floors. Although the Defendants argue that keeping a clean floor is necessary to running a grocery store, no employees of the store had ever waxed the floor, nor did they have the equipment to do so. In applying the normal work test, the Virginia Supreme Court has ruled that although the employees may have had the capacity to do the work in question, the test hinges on whether the precise work contracted for is normally carried on by the employees. *Johnson v. Jefferson National Bank*, 244 Va. 482 (1992). In *Johnson*, Jefferson National Bank had hired an independent painting company, for which Johnson worked, to paint the building. During the job, Johnson fell fifty-six feet from the scaffolding to the pavement. The Court found that although the Bank's employees had painted before, it was never under the conditions from which the injury resulted. Such painting, the Court held, was not normally performed by Bank employees.

In the present case, Farm Fresh employees have never waxed the floors, nor do they have the equipment to do so. Cleaning and waxing are normally performed by outside companies. Therefore, the defendants were not performing acts normally carried on by Farm Fresh and may not be considered statutory employees of Farm Fresh.

The court finds that the defendants are not statutory employees of Farm Fresh and therefore overrules defendants' special plea of workers' compensation.